HARRY ROCKBERGER, PLAINTIFF-RESPONDENT, v. C. CAMPBELL STILES, DEFENDANT-APPELLANT, AND MARY STILES AND CHARLES STILES, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued March 22, 1960—Decided April 14, 1960.

Before Judges PRICE, GAULKIN and FOLEY.

*Mr. Marvin A. Sachs* argued the cause for defendant-appellant (*Mr. Harold D. Feuerstein,* attorney).

*Mr. John S. Giava* argued the cause for plaintiff-respondent (*Mr. Richard F. Burnett,* on the brief).

The opinion of the court was delivered by

FOLEY, J. A. D. Defendant, C. Campbell Stiles appeals from a final judgment in the amount of $500 entered in the Essex County District Court after a non-jury trial. The sole ground of appeal is that the district court erred in denying defendant's application for a jury trial.

On April 14, 1959 plaintiff filed a complaint in the district court; service of process on all defendants was made on April 16, 1959. In accordance with *R. R.* 7:5–4(*a*) defendant was required to file an answer or enter an appearance not later than May 6, 1959. Neither step having been taken, the clerk of the court entered a default on May 7, 1959. On the same date defendant mailed to the court an appearance and demand for jury enclosing the fee therefor. *R. R.* 7:8–2(*a*) provides:

"In actions commenced in the county district court a demand for jury shall be made in writing and filed with the clerk, at the principal location of the court, not later than 10 days after the time provided for the defendant to appear or answer; or in the case of a counterclaim the plaintiff may demand a jury not later than

10 days after the time provided for the service of a defensive pleading to such counterclaim."

The appearance and demand were received by the clerk on May 9 and were returned to defendant, presumably because of the existing default.

On May 22 a consent order was entered which provided that the default be "vacated" and that defendant have ten days from the date of the order "to enter an appearance or otherwise plead to the complaint." On May 26 the clerk received from defendant an entry of appearance and demand for jury trial dated May 22. The appearance was entered by the clerk but the jury fee was returned with the explanation that the presiding judge had directed him to advise defendant that the time for filing a jury demand had expired. Defendant then formally moved for a trial by jury. The position taken by the movant was that under the applicable rule he was entitled to a jury trial as a matter of right and so the discretion of the court was not involved. The motion was denied; the court later filed conclusions of law in support of its decision. The trial court reasoned that the provision in the order of May 22 that the defendant might "otherwise plead to the complaint" did not include a demand for jury, hence the time in which such demand could be made expired on May 16 (ten days after the date originally limiting the time for filing an appearance or an answer). More important, the court concluded that it was without authority to extend the time for jury demand.

■ The defendant argues that both jury demands, received by the clerk on May 9 and May 26, respectively, were timely. As to that of May 9 he contends that since it was filed within ten days of the expiration of the time for the original appearance or answer, it should have been honored notwithstanding that a default had properly been entered against him. We think otherwise. We believe that in providing for the filing of a jury demand not later than ten days after the time fixed for appearance or answer the rule makers contemplated that an answer or appearance would

be on file when the demand was made. In 17 *New Jersey Practice (District and Municipal Court)*, § 851, *p.* 449, Judge Fulop writes:

"Formerly a default in the district courts was referred to as a 'no appearance' and that term is still frequently used. It is an interlocutory judgment, which bars defenses and eliminates the necessity for notifying the defaulting party of further proceeding in the action, * * *."

We are satisfied that the defendant's right to demand a jury trial did not survive the default entered on May 6. Plainly no useful purpose would be served if a litigant in default were permitted to demand a jury.

Defendant also argues that the order vacating the default re-created the right to demand a jury trial within the period therein allowed for answer or appearance, even though such right was not specifically mentioned in such order. In other words, it is contended that the unqualified order wiped the slate clean, that all rights which defendant had originally were thereby restored and the timetable for exercise of them extended. Thus it is urged that defendant had ten days from May 22 to demand a jury.

The trial court rested heavily on *Campbell v. Mestice,* 28 *N. J. Super.* 192 *(App. Div.* 1953), and held unequivocally that it was "without power to extend the time for jury demand under the provisions of the rule." Assuming that the *Campbell* case did so hold, it is to be noted that after it was decided *R. R.* 1:27B was adopted. This rule provides in part:

"When an act is required or allowed to be done at or within a specified time,—

(a) The court in which the matter is pending, for cause shown, may at any time in its discretion: (1) With or without notice, order the period enlarged if application therefor is made before the expiration of the period originally prescribed or as extended by a previous order; or (2) Upon motion permit the act to be done after the expiration of the specified period if the failure to act was the result of excusable neglect."

Aside from the rule we find a crucial distinction between *Campbell* and the case *sub judice*. Plainly in *Campbell* the application was untimely. Here whether it was timely or not depends entirely upon the legal effect of the consent order of May 22, 1959. It goes without saying that plaintiff might have conditioned his consent to reopening upon waiver by the defendant of the jury trial. This he did not do. So, too, the court, being charged with the preservation of orderly procedure, *sua sponte* might have made such waiver a term of the reopening or, alternatively, might have required the defendant to prove that the default resulted from his excusable neglect. This was not done. Instead, by consent the default was vacated with no strings attached. In these circumstances we think that all rights which the defendant had originally were restored and the procedural timetable extended. Hence defendant had the *right* to demand a jury within ten days of May 22 and the denial of the same was error.

It is our conclusion that where, as in *Campbell*, a jury demand is out of time the court may insist upon proof of excusable neglect before enlarging the time for filing the jury demand. Even then the exercise of sound judicial discretion may impel the denial of the motion if, in balancing the equities, the court concludes that the delay has been or will be prejudicial to the opposing party. But where, as here, a default is opened without conditions either by consent or by virtue of *R. R.* 1:27B, *supra*, the right to demand a jury thereafter within the time specified by *R. R.* 7:8–2(a) is regained.

The judgment is reversed and the clerk of the Essex County District Court is directed to file defendant's demand for jury if it is presented within ten days of the return of the mandate. No costs.